IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIKA SLUSAR,**     **Plaintiff,**     v     **ALAN E. HARFF** State Constable, in his individual capacity and **BERNARD J. SESTILI, JR,**     **Defendants.** | )  )  )  )  ) 2:11-cv-1311  )  )  )  )  )  )  ) |

**MEMORANDUM ORDER**

Pending before the Court is PLAINTIFF'S MOTION TO COMPEL FULL AND COMPLETE ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, BERNARD J. SESTILI, Jr. (Document No. 25).  On July 9, 2012, counsel for Sestili filed a response in opposition, which contended that Plaintiff's motion was moot in light of his supplemental responses.  Unfortunately, counsel failed to attach these supplemental discovery responses to his court filing in opposition to Plaintiff's motion; did not provide the discovery responses in an expedited manner to counsel for Plaintiff; and neglected to bring a copy of the discovery responses to the hearing and argument conducted by the Court on July 11, 2012.  Therefore, the Court took Plaintiff's motion under advisement.  The next day, defense counsel filed his supplemental responses to the interrogatories and document requests.  In accordance with the foregoing, Plaintiff's motion as to Sestili's initial discovery responses (Document No. 25) is hereby **DENIED AS MOOT**.

1

Also pending before the Court is the MOTION TO QUASH SUBPOENA PURSUANT TO FED. R.C.P. 45(c)(3) (Document No. 48) filed by non-parties the Penn Hills Police Department and the Municipality of Penn Hills.  Plaintiff filed a response in opposition to the motion and it is ripe for disposition.

Federal Rule of Civil Procedure 26(c)(3) requires a party, before seeking a protective order from the Court, to attempt in good faith to amicably resolve the dispute.  A discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id*.  Movants have failed to comply with this requirement.  Indeed, as appears from Plaintiff's response, counsel for Plaintiff attempted to resolve the dispute but his phone call was not returned.  In addition, Movants' objections to the subpoena are vague, unspecific and conclusory.  In summary, Movants have failed to provide a sufficient factual or legal basis to quash the subpoena.

Therefore, the MOTION TO QUASH SUBPOENA PURSUANT TO FED. R.C.P. 45(c)(3) (Document No. 48) is **DENIED**.  The non-parties shall comply with the subpoena on or before August 3, 2012.

SO ORDERED this 20th day of July, 2012.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Richard S. Matesic, Esquire**
Email: rs.matesic@verizon.net
**Edward A. Olds, Esquire**
Email: edolds@earthlink.net
**Michael J. Herald**
Email: mherald@defensecounsel.com
**Edmond R. Joyal , Jr., Esquire**
Email: ejoyal@stpaultravelers.com
**Craig Alexander, Esquire**
Email: calexander@dicelaw.com