IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIKA SLUSAR,<br>           Plaintiff,<br><br>           v<br>ALAN E. HARFF *State Constable, in his individual capacity* and **BERNARD J. SESTILI, JR**,<br>           Defendants. | )<br>)<br>)<br>)  2:11-cv-1311<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

      Pending before the Court is NON-PARTY MOVANT MAGISTERIAL DISTRICT JUDGE CAROLYN S. BENGEL'S MOTION TO QUASH SUBPOENA AND MOTION FOR A PROTECTIVE ORDER (Document No. 67), with brief in support. Plaintiff has filed a brief in opposition to the motion and it is ripe for disposition. Plaintiff's counsel seeks to depose Magisterial District Judge Bengel ("Judge Bengel") on September 11, 2012.

      This civil rights case arises out of an incident which occurred on May 18, 2011. Briefly summarized, Defendant Harff, a Pennsylvania State Constable, came to Plaintiff Erika Slusar's home to serve arrest warrants on her boyfriend, Derrick Pryor. Slusar refused to permit Harff to enter the home. Slusar alleges that Harff eventually brandished his gun, forced entry into her house, and searched it. Pryor was not found.

      Judge Bengel is not a party to this case. She did issue the arrest warrants which Constable Harff was attempting to execute on May 18, 2011. Judge Bengel contends that the burden to respond to the subpoena for a deposition outweighs any benefit to Plaintiff. Judge Bengel further contends that, as a judicial officer, she is not required to testify about actions

1

taken in carrying out her judicial duties absent a showing of exceptional circumstances. *United States v. Dowdy*, 440 F. Supp. 9894, 896 (W.D. Va. 1977). Moreover, Judge Bengel correctly asserts that she cannot be compelled to testify concerning her mental processes in the performance of her judicial decisional functions. *Ciarlone v. City of Reading*, 263 F.R.D. 198, 202 (E.D. Pa. 2009) (citations omitted).

Plaintiff disavows any intention to probe Judge Bengel's deliberative processes, and maintains that she seeks only to elicit testimony as a fact witness. In addition, Harff apparently contends that he called Judge Bengel from outside Slusar's home during the incident, and was advised by Judge Bengel that since he had allegedly seen Pryor enter the house, the law authorized him to perform a forcible entry into the home to execute/serve the arrest warrant. Plaintiff contends that Harff will invoke this authorization as a defense in this case. Accordingly, Plaintiff seeks to confirm/impeach Harff's testimony regarding that phone call. In addition, Plaintiff seeks to inquire as to a second phone call between Harff and Judge Bengel during the evening of May 18, 2011. The Court agrees with Plaintiff that on these narrow topics, Judge Bengel may possess fact testimony that is unavailable from any other source.

That does not end the analysis, however. Judges do not enjoy an absolute privilege from being subpoenaed as a witness. *Id*. Nevertheless, "it is imperative when [she] is called to testify as to action taken in [her] judicial capacity, to carefully scrutinize the grounds set forth for requiring [her] testimony." *Id*. The need for such scrutiny is particularly acute, given the aggressive and contentious conduct of the attorneys in this case. The discovery process in this case has become ensnarled in numerous acrimonious disputes among counsel. The Court has held several conferences, both in court and by telephone, in an effort to encourage professional courtesy and the amicable resolution of such disputes, to limited effect. Counsel have made

2

multiple phone calls to the Court during the oral depositions of witnesses because they have been unable to resolve disputes.

> Federal Rule of Civil Procedure 26(b)(2)(C) provides:
>
> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Rule 26(c)(1) further authorizes the Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (C) prescribing a discovery method other than the one selected by the party seeking discovery; [and] (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Federal Rule of Civil Procedure 31 provides for the taking of a deposition of a non-party by written questions.

In accordance with the foregoing, the Court concludes that Judge Bengel may be deposed as a fact witness, but solely on the narrow topic of her recollection of the content of the two phone calls with Harff on May 18, 2011.[1] To be clear, Plaintiff may ask about what was said during the phone calls, but may not inquire into Judge Bengel's thought processes. Such

---

[1] Plaintiff's counsel advised Judge Bengel's attorney that he also intended to explore other topics, including statements she made to detective Richard Byers; why Harff worked out of her office; her knowledge and opinion of Harff and his work; and her knowledge of any similar incidents involving Harff. In her response, Plaintiff has explained that the "main purpose" in scheduling the deposition was the May 18, 2011 phone calls. The Court concludes that all other topics are beyond the scope of reasonable discovery and therefore **GRANTS** the protective order on all such topics. *See* Fed. R. Civ. P. 26(c).

deposition shall proceed by written questions, in accordance with Fed. R. Civ. P. 31 except as to timing.  Plaintiff shall serve her question(s) on counsel for Judge Bengel and all parties on or before September 12, 2012; Defendants shall serve any cross-question(s) on or before September 13, 2012.  No redirect or re-cross questions shall be permitted.

In accordance with the foregoing, NON-PARTY MOVANT MAGISTERIAL DISTRICT JUDGE CAROLYN S. BENGEL'S MOTION TO QUASH SUBPOENA AND MOTION FOR A PROTECTIVE ORDER (Document No. 67) is **GRANTED IN PART AND DENIED IN PART**.

SO ORDERED this 7th day of September, 2012.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Richard S. Matesic, Esquire**
Email: rs.matesic@verizon.net
**Edward A. Olds, Esquire**
Email: edolds@earthlink.net
**Michael J. Herald**
Email: mherald@defensecounsel.com
**Edmond R. Joyal , Jr., Esquire**
Email: ejoyal@stpaultravelers.com
**Mary E. Butler, Esquire**
Email: legaldepartment@pacourts.us