IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIKA SLUSAR,<br>            Plaintiff,<br><br>            v<br>ALAN E. HARFF *State Constable, in his individual capacity* and **BERNARD J. SESTILI, JR,**<br>            Defendants. | )<br>)<br>)<br>)<br>) 2:11-cv-1311<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently pending before the Court are the MOTION OF BERNARD SESTILLI FOR PARTIAL JUDGMENT ON THE PLEADINGS (Document No. 74), with brief in support; DEFENDANT ALAN E. HARFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c) (Document No. 76); PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (Document No. 79); and DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (Document No. 80).[1] The motions are ripe for disposition.

Factual and Procedural Background

This contentious civil rights case has had a multitude of case management controversies. The underlying facts are relatively straight-forward. Briefly summarized, on May 18, 2011Defendant Harff, a Pennsylvania State Constable, arrived at Plaintiff Erika Slusar's home to serve arrest warrants on her boyfriend, Derrick Pryor. Slusar refused to permit Harff to enter the home. Slusar alleges that Harff summoned others (including Defendant Sestili) to the scene; eventually brandished his gun; forced entry into her home; and searched it. Pryor was not found.

---

[1] On October 22, 2012 Defendants filed an errata to convert the "motion" at Document No. 80 into a "response." The motion remains pending on the Court's electronic docketing system.

1

Later that evening, Sestilli allegedly left a voicemail message on Slusar's phone which threatened to charge her with hindering Pryor's arrest if she filed a complaint regarding Harff's conduct. On June 1, 2011 Slusar's attorney contacted the Allegheny County District Attorney to request an investigation into the conduct of Harff. Detective Richard Byers was assigned to the case and promptly questioned both Harff and Sestilli. Therefore, allegedly in retaliation, Sestilli filed criminal charges against Slusar.

This litigation followed. On October 13, 2011 Slusar filed a five-count Complaint which asserted claims under Section 1983 against Harff and/or Sestili. Relevant to the pending motions, in Count 5 Slusar asserted a Section 1983 claim against both Harff and Sestili for selective prosecution in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Defendants filed Answers to the Complaint.

Numerous discovery disputes ensued, which counsel were unable to amicably resolve. Several requests for extensions of time were granted. On August 7, 2012, the Court Ordered that all discovery be completed on or before September 17, 2012. On September 19, 2012, the Court conducted a post-discovery status conference and ordered that dispositive motions be filed by October 16, 2012 (and subsequently extended the deadline until October 30, 2012). The pending motions followed.

Legal Analysis

The timing of the motions is certainly unusual, in that the parties are attempting to re-litigate the pleadings after discovery has concluded. Rule 12(c) provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Indeed, Rule 12(d) explains that if matters outside the pleadings are presented,

2

"the motion must be treated as one for summary judgment under Rule 56." Given the procedural status of this case, counsel for Defendants may have more providently filed motions for partial summary judgment.

Defendants contend that Count 5 of the Complaint fails to meet the standard set forth in *Twombly*, while Sestili also contends that "Plaintiff has failed to produce evidence" to sustain an Equal Protection claim. More substantively, Defendants contend that a "class of one" claim is not cognizable under the circumstances of this case; and that Slusar has failed to identify any similarly situated individual who was treated differently.

Slusar has not challenged the substance of these arguments of Defendants, nor rebutted the case law authorities therein cited. However, counsel for Plaintiff has sought leave to file an amended complaint to rebut the alleged failure to plead disparate treatment of other similarly-situated individuals. In particular, the proposed amended complaint alleges that Harff and Sestili interacted with thousands of citizens, but singled out Slusar for criminal prosecution because she was the only person who communicated concerns and triggered an investigation regarding their conduct by the office of the Allegheny County District Attorney.

In response, Defendants contend that reopening the pleadings would further delay resolution of this case, and that the proposed amendment would be futile. The Court cannot fault Plaintiff for delay, because it was <u>defense</u> counsel who targeted the pleadings. Nevertheless, the Court concludes that a claim under the Equal Protection clause is not viable under the facts and circumstances of this case and that the proposed amendment would be futile.

To establish a selective-enforcement claim, a plaintiff must show "(1) that he was treated differently from other similarly situated individuals, and (2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, or to

3

prevent the exercise of a fundamental right." *Dique v. New Jersey State Police*, 603 F.3d 181, 184 n. 5 (3d Cir. 2010). A plaintiff must establish that the "similarly situated" persons are alike in all relevant respects. A plaintiff must prove not only a disparate impact, but also that a defendant intended to discriminate.

A generic retaliation claim does not implicate the Equal Protection Clause. *Thomas v. Independence Township*, 463 F.3d 285, 298 n. 6 (3d Cir. 2006). Moreover, "it is not enough for a plaintiff to allege that a state actor has exercised discretionary authority in an individualized manner, particularly in settings which inherently involve discretionary decisions." *See Earnest v. King*, 2011 WL 5075380 (W.D. Pa. 2011) (McVerry, J.). In *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 603-04 (2008) (a public employment case), the United States Supreme Court provided an example of a situation that would not give rise to an Equal Protection claim:

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.
>
> Suppose, for example, that a traffic officer is stationed on a busy highway where people often drive above the speed limit, and there is no basis upon which to distinguish them. If the officer gives only one of those people a ticket, it may be good English to say that the officer has created a class of people that did not get speeding tickets, and a "class of one" that did. But assuming that it is in the nature of the particular government activity that not all speeders can be stopped and ticketed, complaining that one has been singled out for no reason does not invoke the fear of improper government classification. Such a complaint, rather, challenges the legitimacy of the underlying action itself—the decision to ticket speeders under such circumstances. Of course, an allegation that speeding tickets are given out on the basis of race or sex would state an equal protection claim, because such discriminatory classifications implicate basic equal protection concerns. But allowing an equal protection claim on the ground that a ticket was

4

given to one person and not others, even if for no discernible or articulable reason, would be incompatible with the discretion inherent in the challenged action. It is no proper challenge to what in its nature is a subjective, individualized decision that it was subjective or individualized.

Slusar's attempt to amend the complaint would not cure the deficiencies in her initial Complaint. When reading the allegations of the proposed amended complaint in the light most favorable to Plaintiff, she essentially contends that Defendants exercised their discretionary authority to file criminal charges in a retaliatory manner. Plaintiff contends that Defendants retaliated against her – alone of all the people with whom they interacted – by filing a criminal charge because she triggered an investigation by the Allegheny County District Attorney. The amendment fails to establish disparate treatment of persons who were similar in any other relevant respect. Slusar does not, and cannot, allege that people who complained against Defendants were the subject of criminal charges, while persons who did not complain were not the subject of criminal charges. The proposed amended complaint avers that Sestili also filed charges "against hundreds, if not thousands, of persons" who did not trigger an investigation against him. Slusar does not allege disparate treatment of any other persons who denied Harff/Sestili access to search their homes in similar incidents. Moreover, the decision to file a criminal charge is certainly within the discretion of law enforcement officers. By analogy, Slusar argues that Defendants issued a "traffic ticket" to her but let all other "speeders" go. Her main challenge is to the legitimacy of the underlying action itself. This theory simply does not fall within the parameters of a cognizable claim under the Equal Protection Clause of the United States Constitution.

An appropriate Order follows.

                                                  McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIKA SLUSAR,<br>           Plaintiff,<br><br>      v<br><br>ALAN E. HARFF *State Constable, in his individual capacity and* **BERNARD J. SESTILI, JR,**<br>           Defendants. | )<br>)<br>)<br>)  2:11-cv-1311<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW this 24th day of October, 2012 in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION OF BERNARD SESTILLI FOR PARTIAL JUDGMENT ON THE PLEADINGS (Document No. 74) is **GRANTED**; DEFENDANT ALAN E. HARFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c) (Document No. 76) is **GRANTED**; PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (Document No. 79) is **DENIED**; and DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (Document No. 80) is **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Richard S. Matesic, Esquire**
Email: rs.matesic@verizon.net
**Edward A. Olds, Esquire**
Email: edolds@earthlink.net
**Michael J. Herald**
Email: mherald@defensecounsel.com
**Edmond R. Joyal , Jr., Esquire**
Email: ejoyal@stpaultravelers.com