IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIKA SLUSAR,<br>            Plaintiff,<br><br>            v<br>ALAN E. HARFF *State Constable, in his individual capacity* and **BERNARD J. SESTILI, JR,**<br>            Defendants. | )<br>)<br>)<br>)  2:11-cv-1311<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Presently pending before the Court is PLAINTIFF'S MOTION PER FRCP 60(b)(6) FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER OF COURT (Document No. 85).[1] Defendants Sestilli and Harff have filed responses in opposition to the motion and it is ripe for disposition.

Standard of Review

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id*. Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision.

---

[1] Also pending are summary judgment motions filed by both Defendants, which will be addressed separately. Slusar has asserted claims for improper search and seizure, deprivation of property and retaliatory prosecution in violation of the First, Fourth and Fourteenth Amendments.

1

Legal Analysis

By Memorandum Opinion and Order of October 24, 2012, the Court granted Defendants' motions for judgment on the pleadings as to the Equal Protection claim pled in Count V of Plaintiff's Complaint and denied Plaintiff's motion to amend her complaint. Slusar contends that the Court erred by: (1) failing to distinguish the nature of her claim from the claim discussed in *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591 (2008); and (2) concluding that she cannot possibly allege a comparator class for a selective prosecution claim. Plaintiff contends that she is able to allege a cognizable "class of one" Equal Protection claim. Defendants argue that the Court's prior decision was correct. In particular, Defendants contend that Plaintiff cannot demonstrate: that she was treated differently from similarly-situated individuals; that the alleged selective treatment was based on an unjustifiable standard; or that Defendants acted with an intent to discriminate.

As an initial matter, Plaintiff is not merely seeking reconsideration of the Court's order. Instead, Plaintiff has presented a new legal theory, has relied on case law authorities that could have been cited earlier, and has sought leave to file a second amended Complaint. Count V of the first proposed amended complaint was based on and entitled as a "selective enforcement" theory. Slusar alleged that the "comparators" were the "hundreds, if not thousands, of persons" against whom Harff had executed warrants or Sestili had arrested or filed charges. Proposed Amended Complaint ¶¶ 77-78. According to Slusar, Defendants filed charges against her because the interaction with her resulted in an investigation of Defendants by the district attorney's office, while their interactions with other persons did not result in such an investigation. The Court concluded that this was not a viable theory for an Equal Protection claim and Slusar has not attempted to rehabilitate that claim. Instead, in the instant motion for

reconsideration, Slusar has presented a similar, but distinctly different, "class of one" theory and has attempted to compare herself to a generic class of "non-offenders" for whom there is allegedly a "complete absence of probable cause." This is not the typical purpose for a motion for reconsideration.[2]

In any event, even considering Slusar's new theory on the merits, the Court adheres to its prior decision. The procedural status of this case is unique, and distinguishable from the circumstances surrounding typical motions to file an amended complaint. Extensive (and very contentious) discovery has been conducted; the discovery deadline has passed; and summary judgment motions are pending. Thus, the Court is well-aware of the facts underlying Slusar's newly-proposed Equal Protection claim based on a fully-developed evidentiary record. The Court has no intention of re-opening discovery at this late stage of the case.

Moreover, the Court adheres to its determination that an Equal Protection claim is not cognizable under the facts and circumstances of this case. To establish a "class of one" claim, a plaintiff must show that (1) Defendants treated her differently from others similarly situated, (2) Defendants did so intentionally, and (3) there was no rational basis for the difference in treatment. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). A plaintiff must establish that the "similarly situated" persons are alike in all relevant respects.

Despite several efforts, Slusar still has not pointed to other persons who are alike "in all relevant respects." There was a heated confrontation at Slusar's home on May 18, 2011, in which Slusar was an active participant, and that confrontation ultimately led to the charges. Thus, to put it succinctly, Slusar is not "similarly situated" to an innocent bystander. The Court explained in its initial decision that Slusar had failed to allege disparate treatment of any other

---

[2] The Court does recognize, however, that its conclusion that amendment would be futile provided Plaintiff with an opportunity to articulate an alternative legal theory.

person who had prevented Defendants from entering his/her home in a similar incident. Slusar has again failed to allege any such "similarly situated" comparator. *See Thomas v. Coopersmith*, 2012 WL 3599415 (E.D. Pa. 2012) (both neighbors engaged in similar conduct, but police pursued only the complaints made by one neighbor). Indeed, the *Thomas* Court, upon which Slusar heavily relies, dismissed a "selective enforcement" Equal Protection claim because the plaintiff failed to allege a comparator. The Court remains convinced that Slusar cannot succeed on an Equal Protection claim. As noted above, the Court will address the merits of Slusar's other civil rights claims in a separate opinion.

In accordance with the foregoing, PLAINTIFF'S MOTION PER FRCP 60(b)(6) FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER OF COURT (Document No. 85) is **DENIED**.

SO ORDERED this 27th day of November, 2012.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Richard S. Matesic, Esquire**
Email: rs.matesic@verizon.net
**Edward A. Olds, Esquire**
Email: edolds@earthlink.net
**Michael J. Herald**
Email: mherald@defensecounsel.com
**Edmond R. Joyal , Jr., Esquire**
Email: ejoyal@stpaultravelers.com