IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIKA SLUSAR,<br>    **Plaintiff,**<br><br>    v<br><br>ALAN E. HARFF *State Constable, in his individual capacity* and **BERNARD J. SESTILI, JR,**<br>    **Defendants.** | )<br>)<br>)<br>)  2:11-cv-1311<br>)<br>)<br>)<br>) |

## **MEMORANDUM ORDER**

Now pending before the Court are DEFENDANTS' JOINT MOTION FOR RECONSIDERATION (ECF No. 129); and PLAINTIFF'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, RESPONSE IN OPPOSITION TO THE JOINT MOTION OF DEFENDANTS FOR RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION AND ORDER DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF No. 132). Defendants Sestilli and Harff failed to file a supporting brief with their Joint Motion for Reconsideration, as required by the Practices and Procedures of this member of the Court § II(B). After Plaintiff Slusar filed a Motion to Strike due to this error, each Defendant filed a separate brief. Plaintiff filed a consolidated reply brief. Harff filed a further response and Slusar filed an amended response thereto. The motions are now ripe for disposition. Despite the procedural oversight of defense counsel, the Court will address the Joint Motion on its merits.

Standard of Review

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909

1

(3d Cir.1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id*. Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision.

Legal Analysis

This civil rights case arose out of an incident on May 18, 2011, when Harff, a Pennsylvania State Constable, arrived at Slusar's home on Saltsburg Road to serve multiple arrest warrants for traffic offenses on Slusar's boyfriend, Derrick Pryor. Slusar asserted her Fourth Amendment rights and refused to permit Harff to enter her home without a search warrant. Harff summoned Penn Hills police officers (including Defendant Sestili) to the scene. Harff eventually brandished his gun; forced entry into the home over Slusar's protests; and searched for Pryor, who was not found.

Later that evening, Sestili left a voicemail message on Slusar's phone. A jury could reasonably infer that the message was a threat to filed criminal charges against her if she filed a complaint regarding Harff's conduct. Approximately one month later, Sestili learned that an investigation by the Allegheny County District Attorney Investigative Unit ("IU") had been triggered by Slusar and filed criminal charges against Slusar almost immediately thereafter.

Slusar alleges that Harff and Sestili violated her constitutional rights. By Memorandum Opinion and Order of April 19, 2013 ("Summary Judgment Opinion") the Court granted in part and denied in part Defendants' motions for summary judgment. Harff seeks reconsideration of

the rulings as to "unreasonable search" and qualified immunity. In particular, Harff believes that this matter is factually distinguishable from *Steagald v. United States*, 451 U.S. 204 (1981), which held that a search warrant is required to enter the home of a "third party" to execute an arrest warrant. Sestili seeks reconsideration of the rulings as to First Amendment Retaliation and qualified immunity.

Defendants fundamentally misapprehend the Rule 56 standard and invite the Court to grant summary judgment based on their version of disputed facts. This would be reversible error. In resolving a summary judgment motion, the Court must construe the evidentiary record -- and draw all reasonable inferences therefrom -- in the light most favorable to the non-moving party (in this case, Slusar). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Credibility determinations are the province of the jury, not the Court. *Id*. Summary judgment may only be granted when "the movant shows that there is **_no_** genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (emphasis added). The movant must identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In essence, Defendants contend that Pryor lived at the home on Saltsburg Road, such that Slusar had no legal right to refuse access. Harff's brief recites facts by which a jury could decide this factual dispute in his favor. However, there is a genuine dispute of material fact as to whether Pryor lived at the home on the date of the incident. As Harff concedes, Slusar is the sole owner of record and Slusar informed Harff during the incident that Pryor no longer lived there. Thus, viewing the record in the light most favorable to Slusar, as this Court must do at the summary judgment stage, *Steagald* is applicable.

3

Sestili fails to point to any new facts or law or manifest injustice, but merely reiterates his contention that the facts regarding his conduct are "undisputed." His primary argument, in essence, is that Harff had authority to enter a dwelling in which Pryor lived such that Slusar violated the law by asserting her rights under the Fourth Amendment (i.e., the same theory which the Court addressed *supra*.) Sestili argues that *United States v. Prescott*, 581 F.2d 1343 (9th Cir. 1978), is factually distinguishable, but does not otherwise address the Court's analysis of each prong of a First Amendment Retaliation claim. The Court adheres to its determination that a reasonable jury could conclude that Slusar properly exercised her constitutional rights and that the filing of charges by Sestili was done in retaliation. Summary judgment is not appropriate under the facts and circumstances of this case.

The Court agrees that because qualified immunity is intended to completely shield an officer from having to stand trial, the immunity issue should be considered at the earliest possible stage of the proceedings. *See* Summary Judgment Opinion at 10 (citing *Giles v. Kearney*, 571 F.3d 318, 325-26 (3d Cir. 2009)). Nevertheless, as the Court also explained: "On the other hand, historical facts which may impact the immunity analysis must be viewed in the light most favorable to the plaintiff at the summary judgment stage. *Id*. (citing *Curley v. Klem*, 298 F.3d 271, 277-78 (3d Cir. 2002)). As the Court of Appeals for the Third Circuit reiterated in a subsequent opinion, *Curley v. Klem*, 499 F.3d 199, 203 (3d Cir. 2007) (emphasis added):

> After discovery, the District Court granted summary judgment in favor of Klem. It held that Klem's conduct was objectively reasonable and that he was thus shielded by qualified immunity. *See Curley I*, 298 F.3d at 276 (recounting procedural history). Curley appealed, and **we reversed** the summary judgment. *See id*. at 273–74. In that opinion, we analyzed both the question of whether Klem's conduct had violated Curley's constitutional rights, and whether Klem was entitled to qualified immunity. We did so recognizing—indeed we reiterated it no less than four times in different ways—that **because we were reviewing a decision on a summary judgment motion, we were required to take the facts**

4

**as Curley, the non-movant, had alleged them and to view every fact and inference in the light most favorable to Curley**.

Defendants have failed to recognize or rebut this governing law. When viewing the evidentiary record, and the reasonable inferences therefrom, in the light most favorable to Slusar, Defendants are not entitled to qualified immunity.[1]

In accordance with the foregoing, DEFENDANTS' JOINT MOTION FOR RECONSIDERATION (ECF No. 129); and PLAINTIFF'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, RESPONSE IN OPPOSITION TO THE JOINT MOTION OF DEFENDANTS FOR RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION AND ORDER DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF No. 132) are **DENIED**.

SO ORDERED this 20th day of June, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:  **Richard S. Matesic, Esquire**
Email: rs.matesic@verizon.net
**Edward A. Olds, Esquire**
Email: edolds@earthlink.net
**Michael J. Herald**
Email: mherald@defensecounsel.com

---

[1] Harff also contends that the Court failed to consider *Wilson v. Layne*, 526 U.S. 603 (1999), which emphasized that a constitutional right must be "clearly established." The Court actually cited a more recent precedent, *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011), for that proposition. *See* Summary Judgment Opinion at 11. Slusar's right to refuse entry without a search warrant was "clearly established" by *Steagald, Payton* and progeny (and, indeed, Defendants did not contend otherwise).

**Edmond R. Joyal , Jr., Esquire**
Email: ejoyal@stpaultravelers.com