IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ERIKA SLUSAR, | ) |
|---|---|
| Plaintiff, | ) |
| | ) |
| v | ) 2:11-cv-1311 |
| | ) |
| BERNARD J. SESTILI, JR, | ) |
| Defendant. | ) |

## OMNIBUS OPINION AND ORDER OF COURT

Presently pending before the Court are DEFENDANT'S MOTION IN LIMINE SEEKING THE PROHIBITION OF ANY EVIDENCE REGARDING THE ACTIONS OF SETTLED CO-DEFENDANT, ALAN E. HARFF (ECF No. 142); DEFENDANT'S MOTION IN LIMINE SEEKING THE PROHIBITION OF ANY EVIDENCE REGARDING PRIOR CIVILIAN COMPLAINTS, LAWSUITS OR DISCIPLINE WITH RESPECT TO DEFENDANT, POLICE OFFICER BERNARD J. SESTILI, JR. (ECF No. 143); DEFENDANT'S MOTION IN LIMINE SEEKING THE PROHIBITION OF ANY EVIDENCE REGARDING THE POLICE PERSONNEL FILE OF OFFICER BERNARD SESTILI (ECF No. 146); PLAINTIFF'S CONSOLIDATED MOTIONS IN LIMINE, NUMBERS ONE THROUGH EIGHT (ECF No. 148); and PLAINTIFF'S EMERGENCY MOTION TO COMPEL COMPLIANCE WITH SUBPOENA REQUIRING ATTENDANCE AT TRIAL OF PENN HILLS POLICE CHIEF HOWARD BURTON (ECF No. 166).  The parties have submitted briefs in support of, and in opposition to, the motions and they are ripe for disposition.

Trial in this contentious civil rights case is scheduled to commence on October 28, 2013. The Court believes that it is important to provide clear ground rules for the presentation of evidence to facilitate efficient presentation of the case and to avoid disputes between counsel in the presence of the jury.

Factual and Procedural Background

This case arose out of an incident on May 18, 2011, when Defendant Constable Alan E. Harff arrived at Plaintiff Erika Slusar's home at 6352 Saltsburg Road, in the municipality of Penn Hills, Pennsylvania, to serve validly issued arrest warrants on Slusar's alleged boyfriend, Darrick Pryor. Slusar refused to permit Harff to enter her home without a search warrant. Harff summoned Penn Hills police to the scene. Penn Hills police officer Sestili responded and advised Slusar that Slusar would be criminally charged if she refused to let Harff into her home. Slusar continued to refuse entrance. Sestili spoke with his sergeant by phone and was instructed to not enter the home. Sestili and the other Penn Hills officers who had arrived on the scene then returned to their cars, and the other officers left. Harff eventually brandished his gun; forced entry into the home over Slusar's protests; and searched for Pryor, who was not found. Sestili did not personally enter the home or observe the interaction between Slusar and Harff, but he did remain on scene and spoke afterwards with Harff.

After the incident, Slusar called 911 to report the events, which call was relayed to the Penn Hills police department. She also called the local television network news reporting agencies. Later that evening, Sestili allegedly left a voicemail message on Slusar's phone in which he theoretically threatened to charge Slusar with hindering Pryor's arrest if she filed a complaint regarding alleged official misconduct. A local television station aired a segment about the incident on the 11:00 p.m. news that evening.

Sestili initially completed an "incident report" but did not file any charge(s) against Slusar for approximately a month. Sestili further asserts that he had no further conversations with Harff between May 18 and June 15, 2011. On June 1, 2011 Slusar's

attorney contacted the Allegheny County District Attorney ("ACDA") to request an investigation into the officers' conduct. Sestili allegedly became aware of this investigation shortly thereafter and on June 15, 2011 he filed criminal charges against Slusar for: (1) Obstructing the Administration of Law, 18 P.S. § 5101; (2) Hindering Apprehension or Prosecution, 18 P.S. § 5105; and (3) Disorderly Conduct, 18 P.S. § 5503, all based on her conduct during the May 18 incident. The charges were dismissed by Magesterial District Judge Leonard Hromyak after a preliminary hearing on September 19, 2011.

Plaintiff Slusar and Defendant Constable Harff have reached an amicable resolution of this lawsuit and Harff is no longer a party to this case. The only remaining claim is against Officer Sestili for First Amendment Retaliation. To succeed on this claim, Slusar must prove: (1) that she engaged in constitutionally-protected activity; (2) that Sestili responded with retaliatory action that was sufficient to deter a person of ordinary firmness from exercising her rights; and (3) that there was a causal connection between the protected activity and the retaliatory action. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004).

As to the first element of Plaintiff's cause of action, Slusar asserts four instances of alleged protected activity: (1) invoking her Fourth Amendment right to prevent access to the home during the incident; (2) calling 911 later on May 18, the day of the incident; (3) contacting the ACDA between May 19-23; and (4) instructing her attorney to contact ACDA on her behalf on June 1. As to the second element, Slusar references the phone message left by Sestili on the evening of May 18 and the filing of criminal charges against her on June 15. Harassment and intimidation by police may constitute retaliatory action, if such conduct would be sufficient to deter a person of ordinary firmness from exercising his/her rights. *See Dec v. Pennsylvania State*

*Police*, 2012 WL 6099078 at *8 (W.D. Pa. 2012) (Hornak, J.). The "deterrence threshold" is very low. *O'Connor v. City of Newark*, 440 F.3d 125, 127-28 (3d Cir. 2006). These elements of the claim are discrete and it is essentially uncontested that such conduct occurred. However, the parties may dispute, and the jury may have to resolve, whether leaving the phone message by Sestili constituted retaliatory conduct – this is a fact issue.

The most difficult determination for the jury to resolve is causation. Plaintiff has articulated two distinct theories of liability. First, Slusar argues that Sestili left the phone message to retaliate for Slusar's assertion of her Fourth Amendment rights and her 911 call earlier on May 18. Second, Slusar contends that Sestili filed charges a month later, on June 15, in retaliation for Slusar having triggered an ACDA investigation of the matter. Because this second theory of alleged retaliation took the form of filing criminal charges, Slusar must also show the absence of probable cause for those charges. *Hartman v. Moore*, 547 U.S. 250, 265–66 (2006). Sestili contends that he met with an Assistant District Attorney and had probable cause to file the charges against Slusar, and that he did not act in retaliation for her alleged protected activity. The jury must decide these issues, and if it finds in favor of Slusar, it must decide the amount of compensatory damages, if any, and whether or not to award punitive damages against Sestili.

Discussion

With that background of the issues remaining for trial, the Court turns now to the numerous motions in limine filed by the parties. To the extent that the parties have raised related topics, those will be addressed together. As explained above, it is the Court's objective to

provide clear guidance to counsel, such that the evidence presented at trial is narrowly tailored to the sole remaining claim(s) and defenses thereto.

A. Constable Harff

Both parties seek to limit the scope of the evidence regarding Constable Harff. The Court agrees that the evidence must be narrowly confined to the First Amendment Retaliation claim against police officer Sestili. The jury will be instructed that it may not consider either the merits or disposition of any claims against Constable Harff and such evidence will not be admissible by, or against, either party.

Unfortunately, the jury must be given some context regarding the occurrence/incident on May 18. Moreover, the jury must evaluate whether there was probable cause to support the filing of criminal charges by Sestili and whether those charges stem from Slusar's refusal to permit Harff to enter her home.[1] In sum, the interactions between Slusar and Harff that led to the filing of criminal charges by Sestili are relevant and admissible.

However, interactions between Slusar and Harff of which Sestili was not aware (i.e., before he arrived, while Slusar and Harff were actually in the house, or after he departed) may not be introduced into evidence. Plaintiff may not attempt to taint Sestili with alleged misconduct committed by Harff, nor may she recover damages from Sestili which were caused by Harff.

In an effort to resolve any disputes prior to trial, on or before October 23, 2013 at noon, Sestili shall file a proffer as to all information on which he based the criminal charges against Slusar, and identify which information (if any) he obtained from Harff.

---

[1] It also appears that Sestili obtained some of the information in his Affidavit of Probable Cause from Harff. Although the Affidavit states that the charges were based on Sestili's "personal observation," the narrative includes an allegation that Slusar hid warrants from Harff "after Penn Hills Officers cleared the scene."

B. Rule 404(b) "Other Bad Acts" Evidence Against Sestili or Slusar

Both sides seek to prevent the introduction of "other bad acts" evidence by their respective opponent. Sestili seeks to preclude prior citizen complaints and his personnel file, while Slusar seeks to preclude her other interactions with law enforcement.

The Court agrees that such evidence will not be admitted. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Whether Sestili acted in a questionable manner toward other citizens on other occasions does not prove that he acted in an improper manner as to Slusar. Similarly, that Slusar may have opposed and/or impeded law enforcement efforts against Pryor on other occasions does not prove that she violated any law during the May 18th incident. This Court will not indulge mini-trials involving any of these other alleged incidents. Introduction of such evidence would divert the jury's attention from the event(s) which constitute the merits of this case.

C. Testimony of Michael Hudek

Plaintiff seeks to preclude the testimony of Michael Hudek, a sergeant with the Penn Hills Police Department, from this trial. Sestili seeks to have Hudek testify "consistently with his affidavit that at no point was he advised by the ACDA that Defendant was the subject of an investigation." Unfortunately, counsel for Sestili failed to attach the Hudek affidavit to his filing. Thus, the Court has been unable to review it.

Based on the proffer of Defendant, the Court will preclude Hudek from testifying. It is irrelevant whether or not Hudek knew of the ACDA investigation, because Hudek is not accused

6

of filing retaliatory charges. The only relevant question is whether <u>Sestili</u> knew of the investigation.

D. Actions of Darrick Pryor

Plaintiff seeks to prohibit testimony by Pryor or references to his absence as a witness. The record is clear that Sestili had no interactions with Pryor on May 18. Indeed, Defendant has not identified any trial testimony by Pryor that he seeks to present at trial. Defendant merely seeks to preserve his ability to potentially call Pryor as a witness if Slusar opens the door to such testimony.

The Court will grant Plaintiff's motion, without prejudice to Defendant's ability to make an appropriate motion at trial to introduce evidence/testimony regarding Pryor, if justified. Any such motion shall be presented outside the hearing of the jury, to avoid any delay of the trial.

E. Circumstances Surrounding Slusar's Complaints to ACDA

Slusar asks the Court to preclude evidence surrounding her complaints to ACDA. First, she seeks to exclude testimony by Detective Richard Byers to the effect that people sometimes make allegations against police officers in an effort to intimidate the police officers from filing charges. Second, she seeks to exclude testimony by Byers regarding a conversation with Plaintiff's counsel to the effect that Slusar was not pursuing her ACDA allegations.

Such evidence will be precluded. Slusar was not charged by Sestili with improper filing of a complaint with ACDA. To the contrary, all of the criminal charges arose out of her conduct on May 18. Thus, Slusar's motives for contacting ACDA and for not pursuing her allegations

are irrelevant. The only relevant questions are whether/when Sestili learned of the ACDA investigation and whether he filed the criminal charges against Slusar in retaliation.

F.  Termination of Slusar's Employment

Slusar seeks to preclude evidence regarding the loss of her job at UPMC Seneca Place. Defendant contends that such evidence is relevant because Slusar is seeking damages for loss of her employment.[2] If Slusar, in fact, seeks damages for the loss of her job, then Sestili is certainly entitled to attempt to prove that the job loss was not caused by his conduct. If Slusar disclaims such damages, then such evidence would become irrelevant and inadmissible.

Because the issue of damages appears somewhat unsettled and is complicated by the resolution of the claims against Harff, Slusar shall file a proffer on or before October 23, 2013 at noon regarding the damages she seeks from Sestili in this case.

G.  Slusar's Medical Records

Slusar seeks to preclude the introduction of her medical records for lack of authentication. Sestili, in response, contends that he will lay an adequate foundation at trial if the parties are unable to reach a stipulation. The Court will deny this motion without prejudice, pending trial.

However, it is unclear to the Court how Slusar's medical records are relevant to the First Amendment Retaliation claim. Therefore, any party which seeks to introduce such medical records shall file a proffer, on or before October 23, 2013 at noon, regarding the relevance of such evidence, with the proposed records attached.

---

[2] Defense counsel has failed to attach the document upon which he relies.

H. Police Chief Burton

Plaintiff seeks to compel the attendance of Chief Burton at trial and has submitted a proffer regarding the topics on which he may testify.[3] Plaintiff's counsel alleges that despite multiple efforts, he has been unable to confirm that Chief Burton will comply with a trial subpoena. Plaintiff's counsel represents that he has not received any response from Penn Hills Solicitor Alexander since September 12, when he made the initial inquiry. Plaintiff has allegedly been informed that Chief Burton will be "either on vacation or out of the state" until November.

In response, attorney Alexander contends that his duties as solicitor are limited; that he does not represent Chief Burton for coordination of his appearance at trial; and that there has been no effort to evade service of a trial subpoena. Alexander further represents that Chief Burton was on vacation in Myrtle Beach on October 4, 2013. Alexander concedes that he did not respond to the inquiries from Plaintiff's counsel. Notably absent from Alexander's response are: (1) a valid basis to quash the subpoena pursuant to Fed. R. Civ. P. 45; (2) an agreement to accept the trial subpoena on Chief Burton's behalf; and (3) a representation that Burton will be available to testify at trial.

This should be a simple, non-controversial matter. The Court has the power to compel Chief Burton to attend trial. Instead, obstructionism and strife between counsel has apparently overridden professionalism. The trial has been scheduled, with a date-certain, since August 8, 2013. Attorney Alexander has participated in this case and has received all filings since July 2012 via CM/ECF (including the Trial Scheduling Order). Although Alexander has not entered an appearance on behalf of Chief Burton, Alexander did represent Burton for the scheduling of

---

[3] The Court does not agree that all such topics fit within the parameters of the admissible evidence described above. In particular, topics iii, iv, v and vii appear to be beyond the scope.

9

his deposition as the Rule 30(b)(6) designee for Penn Hills. The Court doubts that Chief Burton will be on vacation for the entire month of October.

Accordingly, PLAINTIFF'S EMERGENCY MOTION TO COMPEL COMPLIANCE WITH SUBPOENA REQUIRING ATTENDANCE AT TRIAL OF PENN HILLS POLICE CHIEF HOWARD BURTON (ECF No. 166) is **GRANTED**. Attorney Alexander shall accept the trial subpoena on Chief Burton's behalf; and shall represent to the Court that Burton will be available to testify at trial when called. Neither party is entitled to recover counsel fees or costs.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIKA SLUSAR,<br>          **Plaintiff,**<br><br>     v<br><br>ALAN E. HARFF *State Constable, in his individual capacity and* **BERNARD J. SESTILI, JR,**<br>          **Defendants.** | )<br>)<br>)<br>)<br>) 2:11-cv-1311<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW this 21st day of October, 2013, in accordance with the foregoing Omnibus Opinion, it is hereby ORDERED, ADJUDGED and DECREED that:

DEFENDANT'S MOTION IN LIMINE SEEKING THE PROHIBITION OF ANY EVIDENCE REGARDING THE ACTIONS OF SETTLED CO-DEFENDANT, ALAN E. HARFF (ECF No. 142) is **GRANTED IN PART AND DENIED IN PART**;

DEFENDANT'S MOTION IN LIMINE SEEKING THE PROHIBITION OF ANY EVIDENCE REGARDING PRIOR CIVILIAN COMPLAINTS, LAWSUITS OR DISCIPLINE WITH RESPECT TO DEFENDANT, POLICE OFFICER BERNARD J. SESTILI, JR. (ECF No. 143) is **GRANTED**;

DEFENDANT'S MOTION IN LIMINE SEEKING THE PROHIBITION OF ANY EVIDENCE REGARDING THE POLICE PERSONNEL FILE OF OFFICER BERNARD SESTILI (ECF No. 146) is **GRANTED**;

PLAINTIFF'S CONSOLIDATED MOTIONS IN LIMINE, NUMBERS ONE THROUGH EIGHT (ECF No. 148) are **GRANTED IN PART AND DENIED IN PART**; and

PLAINTIFF'S EMERGENCY MOTION TO COMPEL COMPLIANCE WITH SUBPOENA REQUIRING ATTENDANCE AT TRIAL OF PENN HILLS POLICE CHIEF HOWARD BURTON (ECF No. 166) is **GRANTED**.

The parties shall file the proffers required by the Omnibus Opinion on or before October 23, 2013 at noon.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Richard S. Matesic, Esquire**
Email: rs.matesic@verizon.net
**Edward A. Olds, Esquire**
Email: edolds@earthlink.net
**Craig H. Alexander, Esquire**
Email: calexander@dicelaw.com
**Edmond R. Joyal , Jr., Esquire**
Email: ejoyal@stpaultravelers.com

Via CM/ECF