IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ERIKA SLUSAR, | ) |
|---|---|
| Plaintiff, | ) |
| | ) |
| v | ) 2:11-cv-1311 |
| | ) |
| BERNARD J. SESTILI, JR, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Trial in this contentious civil rights case is scheduled to commence on October 28, 2013. The Court believes that it is important to provide clear ground rules for the presentation of evidence to facilitate the efficient presentation of the case and to avoid disputes between counsel in the presence of the jury. In preparation of the Final Jury Instructions and consideration of the proposals and issues raised by the parties, the Court has determined certain legal conclusions which may streamline the presentation of evidence at trial.

Discussion

To succeed on her First Amendment Retaliation claim, Slusar must prove: (1) that she engaged in constitutionally-protected activity; (2) that Officer Sestili responded with a retaliatory adverse action; and (3) that the protected activity caused the retaliation. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004). Plaintiff has articulated two distinct theories of liability. First, Slusar argues that Sestili left a phone message to retaliate for Slusar's assertion of her Fourth Amendment rights and her earlier call to 911on May 18th. Second, Slusar contends that Sestili filed criminal charges against her a month later, on June 15, in retaliation for Slusar having triggered an investigation of the matter by the Allegheny County District Attorney.

Because this second theory of alleged retaliation is based on the filing of a criminal complaint by Officer Sestili, Slusar must also prove the absence of probable cause for said criminal charges. *Hartman v. Moore*, 547 U.S. 250, 265–66 (2006). Officer Sestili filed three criminal charges against Slusar for: (1) Obstructing the Administration of Law, 18 P.S. § 5101; (2) Hindering Apprehension or Prosecution, 18 P.S. § 5105; and (3) Disorderly Conduct, 18 P.S. § 5503, all based on her actions during the May 18, 2011 incident. Slusar may satisfy the "lack of probable cause" element of her retaliation claim by establishing that Officer Sestili lacked probable cause for any one of these charges. *Johnson v. Knorr*, 477 F.3d 75, 85 (3d Cir. 2007) ("a defendant initiating criminal proceedings on multiple charges is not necessarily insulated in a malicious prosecution case merely because the prosecution of one of the charges was justified.")

Officer Sestili was not required to have proof beyond a reasonable doubt that Slusar had committed the crimes charged, nor is the existence of probable cause negated by the fact that the charges were dismissed by Magisterial District Judge Hromyak at the preliminary hearing stage. The test is whether the facts and circumstances within Officer Sestili's knowledge were sufficient to warrant a reasonable belief that each of the offenses had been committed. *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788, 789 (3d Cir. 2000). The existence of probable cause is usually a jury question, although it may be resolved by the district court as a matter of law. *Id*. at 788-89.

In this case, it is clear that Officer Sestili did not have probable cause to charge Slusar with Hindering Apprehension or Prosecution, which is defined as follows (emphasis added):

> (a) Offense defined.--A person commits an offense if, with intent to hinder the apprehension, prosecution, conviction or punishment of another for ***crime*** or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition, he:

2

> (1) harbors or conceals the other;
> (2) provides or aids in providing a weapon, transportation, disguise or other means of avoiding apprehension or effecting escape;
> (3) conceals or destroys evidence of the crime, or tampers with a witness, informant, document or other source of information, regardless of its admissibility in evidence;
> (4) warns the other of impending discovery or apprehension, except that this paragraph does not apply to a warning given in connection with an effort to bring another into compliance with law; or
> (5) provides false information to a law enforcement officer.

18 P.S. § 5105. It is undisputed that Constable Harff was attempting to serve arrest warrants on Darrick Pryor for vehicle-related summary offenses. The arrest warrants, to the extent legible, reflect that Pryor committed alleged violations of 75 P.S. § 1543(a) (driving with a suspended license). The maximum penalty for a violation of 75 P.S. § 1543(a) is payment of a fine of $200. During the incident of May 18th, Sestili reviewed the arrest warrants and stated out loud that they were for "traffic violations." Plaintiff's Counter Statement of Facts ¶ 34 and Sestili's Responses thereto (ECF No. 121 ¶ 34; and ECF No. 123 ¶ 16).

Assuming, arguendo, that Slusar unlawfully hindered Constable Harff in apprehending Pryor, Harff was not serving arrest warrants for a "crime." The Pennsylvania "legislature has the exclusive power to pronounce which acts are crimes, to define crimes, and to fix the punishment for all crimes." *Commonwealth v. Church*, 522 A.2d 30, 35 (Pa. 1987). "The legislature also has the sole power to classify crimes." *Id*. The term "crime" is defined by the Pennsylvania legislature in 18 Pa.C.S.A. § 106(a) as follows: "An offense defined by this title for which a sentence of death or of imprisonment is authorized constitutes a crime." Pennsylvania law recognizes various classes of "crime" ranging from first degree felonies to third degree misdemeanors. § 106(b). "Summary offenses," which are separately defined in 18 Pa.C.S.A. § 106(c), are not within the legislative definition of the term "crime" – particularly when the summary violation is not punishable by imprisonment. *See Commonwealth v. Matty*, 619 A.2d

3

1383, 1386 (Pa. Super. 1993) (noting that some courts have held that a summary offense may constitute a "crime" if punishable by imprisonment). Because Constable Harff was serving arrest warrants issued against Darrick Pryor on summary motor vehicle offenses for which the maximum penalty was payment of a $200 fine, Harff was not seeking to apprehend Pryor for a "crime." Therefore, Slusar could not have committed the crime of "Hindering Apprehension," as defined in 18 P.S. § 5105.[1]

Sestili contends that he had probable cause for the charges because he met with Assistant District Attorney Michael Ball for five minutes in Magistrate Hromyak's office on June 4, 2011 and was orally advised by Ball that said charges were appropriate. *See* Trial Exhibit 30; Sestili Deposition at 131. In *Gleeson v. Robson*, 2005 WL 1210948 (M.D. Pa. 2005), the Court rejected this argument, albeit in the qualified immunity context, and reasoned:

> it is objectively unreasonable to file criminal charges when there is no evidence of probable cause for each charge. It is further objectively unreasonable to rely on an attorney's advice when it is obvious that some crimes are not supported by probable cause and when the evidence does not support the number of charges filed.

*Id*. at 28. The Court further explained that an officer's consultation with a local prosecutor regarding whether there was probable cause to file charges was unavailing "if an objectively reasonable officer would have cause to believe that the prosecutor's advice was flawed, off point, or otherwise untrustworthy." The Court stated:

---

[1] The Court also doubts that Officer Sestili had probable cause to charge Slusar with Disorderly Conduct, in violation of 18 P.S. § 5503. The disorderly conduct statute may not be used to punish persons for exercising their First Amendment rights, including the right to oppose police action. Moreover, the "cardinal feature" of disorderly conduct is public unruliness which can or does lead to tumult and disorder. *See Whiting v. Bonazza*, 2011 WL 500797 at * 8-9 (W.D. Pa. 2011). The facts and circumstances of this case reflect that the incident on May 18, 2011 involved Slusar, Harff and one or more Penn Hills police officers, such that there was no crowd of bystanders or risk of public tumult and disorder. However, because it is clear that Officer Sestili lacked probable cause for the Hindering Apprehension charge, and that Slusar satisfies the "lack of probable cause" element of her retaliation claim based on that charge, the Court need not decide as a matter of law whether or not Officer Sestili had probable cause for the Disorderly Conduct charge.

4

> Law enforcement officers have an independent duty to exercise their professional judgment and can be brought to book for objectively unreasonable mistakes regardless of whether another government official [such as] a prosecutor or magistrate happens to compound the error.

*Id*. at *24. The same analysis applies to this case. Sestili knew that Constable Harff was attempting to serve arrest warrants on Pryor for summary vehicle violations, and a reasonable police officer should have known that a traffic violation punishable by a $200 fine is not a "crime," such that Slusar did not Hinder Apprehension for a "crime."

Conclusion

In summary, Officer Sestili did not have probable cause to charge Erika Slusar with Hindering Apprehension or Prosecution. The Court will either: (1) instruct the jury that Plaintiff has satisfied this element of her case; or (2) omit the "lack of probable cause" element from the jury instructions altogether. The Court, in its Final Jury Instructions, will not address Sestili's alleged reliance on Assistant District Attorney Ball's advice to file the charges[2]; nor will it explain the specific elements of the Pennsylvania crimes charged against Slusar. Such topics are now unnecessary and would only serve to confuse the issues or mislead the jury.

To summarize and reiterate the Court's prior rulings, the jury will be instructed that Slusar has satisfied the first element of her claim because she engaged in protected activity. The jury will also be instructed that Slusar has satisfied the second element of her claim because the filing of criminal charges by Sestili constitutes an adverse action. The only remaining questions for the jury are: (1) whether the telephone call on the

---

[2] Testimony by Assistant District Attorney Ball may still be admissible, by either party, on the issue of causation.

evening of May 18th constitutes an "adverse action"[3]; (2) causation, as to each of Plaintiff's theories; and (3) damages, if necessary. Counsel are advised to plan the presentation of their respective cases to the jury in accordance with these guidelines.

SO ORDERED this 24th day of October, 2013.


BY THE COURT:

s/Terrence F. McVerry
United States District Judge


cc: **Richard S. Matesic, Esquire**
Email: rs.matesic@verizon.net
**Edward A. Olds, Esquire**
Email: edolds@earthlink.net
**Craig H. Alexander, Esquire**
Email: calexander@dicelaw.com
**Edmond R. Joyal , Jr., Esquire**
Email: ejoyal@stpaultravelers.com

Via CM/ECF

---

[3] The jury will be instructed that harassment and intimidation by police may constitute retaliatory action, if such conduct would be sufficient to deter a person of ordinary firmness from exercising his/her rights; and that the "deterrence threshold" is very low. *O'Connor v. City of Newark*, 440 F.3d 125, 127-28 (3d Cir. 2006).